UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIO AGUILAR-LOPEZ,<br><br>    Defendant. | NO. CR-09-6045-FVS-1<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**; **ORDER RE: EXCLUDIBLE** TIME |

**BEFORE THE COURT** is the Defendant's Motion to Dismiss Indictment (Ct. Rec. 46) filed on June 12, 2010, to which the Government has responded in opposition (Ct. Rec. 50). The court heard oral argument regarding the Motion on July 23, 2010. Nicholas Marchi participated on behalf of Mr. Aguilar-Lopez, who was present and verified his understanding of the proceedings through the court's certified interpreter. Assistant United States Attorney James Goeke appeared on behalf of the Government. For the reasons stated herein and in court, the Motion To Dismiss is denied, as the Defendant presented insufficient evidence and authority to support the contention that the Immigration Judge ("IJ") violated the Defendant's due process rights during his deportation hearing.

I. Introduction

The Defendant, Antonio Aguilar-Lopez, incurred two prior state court drug-related convictions before being charged via Indictment, pursuant to 8 U.S.C. § 1326, with violating his deportation order by re-entering the United States without permission. The first offense was a controlled substance violation in Nevada in 2007. After the Defendant was convicted in Nevada, the IJ ordered Mr. Aguilar-Lopez's removal to Mexico on June

ORDER - 1

4, 2007. That Order was executed on June 8, 2007. The Defendant returned to the United States later that year, and was convicted of felony Possession of a Controlled Substance in Twin Falls, ID, on November 5, 2007. The Defendant's original deportation order was reinstated, and the Defendant was removed on November 8, 2007. In the instant case, the Defendant was found in this district on July 13, 2009, thereby precipitating the Indictment under 8 U.S.C. § 1326.

The Defendant maintains he received ineffective assistance of counsel pertaining to his 2007 drug conviction in Nevada. He alleges he was never informed of the immigration consequences of a potential conviction, which he claims would have impacted his decision to enter into a plea agreement. The Defendant further asserts that the IJ should have advised him of his right to collaterally attack his state conviction at his deportation hearing. Mr. Aguilar-Lopez has filed a Motion to Dismiss Indictment for violation of 8 U.S.C. § 1326 based on his claim that the deportation hearing violated his due process right to be made aware of further avenues for deportation relief, rendering the deportation order unconstitutional and invalid.

## II. Legal Standard

Pursuant to 8 U.S.C. § 1326(d), an alien may collaterally challenge an underlying deportation order provided the action satisfies the statutory restrictions on such motions. As a threshold determination, in order to sustain a collateral attack on his deportation hearing, a defendant must demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d).

### A. Exhaustion

A defendant charged with illegal reentry under 8 U.S.C. § 1326 may not collaterally attack the underlying deportation order if he or she did not exhaust available administrative remedies in the deportation proceedings, including direct appeal of the deportation order. Accordingly, a valid waiver of the right to appeal a deportation order

precludes a later collateral attack. *United States v. Garza-Sanchez,* 217 F.3d 806, 808 (9th Cir. 2000). Due process requires that, to be valid, such a waiver must be "considered and intelligent." *United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987). The Government bears the burden of proving the validity of a waiver of appeal. *United States v. Zarate-Martinez,* 133 F.3d, 1194, 1197 (9th Cir. 1998), *cert. denied*, 525 U.S. 849 (1998), *overruled on other grounds by United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc). The Defendant herein did not appeal his deportation Order.

B. Judicial Review

The right to due process of law is the core of the second element of 8 U.S.C. § 1326(d): "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *Zarate-Martinez*, 133 F.3d at 1197. If a defendant's waiver of the right to appeal was not "considered and intelligent," he has satisfied the first two requirements of 8 U.S.C. § 1326(d) because he was effectively deprived of the right to both administrative appeal and judicial review. *United States v. Lopez-Velasquez*, 568 F.3d 1139, 1142 (9th Cir. 2009). The Defendant herein does not allege that his waiver of appeal from the deportation Order was not valid.

C. Fundamental Unfairness

A removal order is "fundamentally unfair" if: "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Zarate-Martinez*, 133 F.3d at 1197. The Government may not sustain a prosecution under 8 U.S.C. § 1326 if the underlying deportation was unlawful because the underlying removal order serves as a predicate element. *United States v. Pallares-Galan,* 359 F.3d 1088, 1095 (9th Cir. 2004). To satisfy the fundamental unfairness prong of 8 U.S.C. § 1326(d), the defendant must show that his due process rights were violated and that he suffered prejudice as a result. *Zarate-Martinez*, 133 F.3d at 1197. Assuming a defendant's due process rights were

ORDER - 3

violated, he must still demonstrate prejudice to obtain dismissal of the indictment currently before the court.

### III. Discussion

The Defendant raises two distinct issues in his Motion, only one of which falls under the direct purview of 8 U.S.C. § 1326.

#### A. Waiver, Exhaustion, and Alleged Deficiencies by Immigration Judge

The Defendant alleges that the IJ did not provide time for him to seek the assistance of counsel and merely told Mr. Aguilar-Lopez that he was being deported due to his controlled substance conviction. The Defendant further claims that the IJ failed to advise him of his right to collaterally attack his Nevada drug conviction. These assertions, however, are not supported by any court transcript or records, nor are they buttressed with relevant case law detailing whether the claimed deficiencies would violate due process and potentially fulfill the requirements of (2) or (3) under 8 U.S.C. § 1326(d). *See United States v. Lopez-Velasquez*, 568 F.3d 1139, 1142 (9th Cir. 2009). The court knows of no precedent requiring an IJ to inform a defendant of his right to collaterally attack his underlying state court drug conviction and none was cited to the court.

Lastly, the Defendant has neither raised the claim, nor produced any evidence indicating that his decision to waive his appeal rights of his deportation order was anything less than "considered and intelligent." At a threshold level, a waiver of the right to appeal the deportation order would preclude the Defendant's claim under 8 U.S.C. § 1326(d).

#### B. Collateral Attack on Predicate Conviction

The Defendant also challenges his Nevada drug conviction on due process grounds, claiming ineffective assistance of counsel due to counsel's failure to inform the Defendant of the immigration implications of a state drug conviction. This allegation is not sustainable under 8 U.S.C. § 1326, which explicitly covers due process concerns in the deportation hearing following the state conviction, not the state conviction itself. *See*

ORDER - 4

8 U.S.C. § 1326(d).  The statute is not an avenue to challenge a predicate criminal conviction.  Collateral attacks on prior state convictions in federal court have been consistently rejected, both in the context of 8 U.S.C. § 1326 and other federal statutes.  *See e.g.*, *United States v. Martinez-Martinez*, 295 F.3d 1041, 1043-44 (9th Cir. 2002); *United States v. Gutierrez-Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997).

C. Due Process Under *Padilla*

Notwithstanding 8 U.S.C. § 1326(d) being an improper vehicle to support the Defendant's Motion, the Defendant also raises new case law regarding alien due process rights, specifically the right of alien to effective assistance of counsel in being advised of the deportation consequences of a plea of guilty to a criminal charge. The Supreme Court recently recognized how deportation, while technically not a criminal sanction, "is nevertheless intimately related to the criminal process," thereby "not categorically removed from the ambit of the Sixth Amendment right to counsel." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1481-82 (2010).  As such, the two-pronged test for ineffective assistance of counsel would apply: first, whether counsel's conduct "fell below an objective standard of reasonableness," and second, whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1482 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  If *Padilla* was applied retroactively to the Defendant's Nevada state drug conviction, the Defendant could presumably bring an ineffective assistance of counsel claim regarding appointed counsel's lack of advice.  This presumes he could allege facts sufficient to meet the *Strickland* test and that a court would hear the case on policy grounds despite the expiration of the statute of limitations.  The potential forum, if any, for such an action, however, is a Nevada state court where the predicate offense occurred and was adjudicated.  The court will not apply the *Padilla* decision retroactively nor hold that the filing of *Padilla* subsequent to the deportation would invalidate the deportation Order.

ORDER - 5

## IV. Conclusions

The Defendant has not demonstrated exhaustion of available administrative remedies as required by 8 U.S.C. § 1326(d)(1) and failed to cite any authority indicating that the IJ's failure to inform the Defendant of his right to collaterally attack his underlying state conviction violated due process. Mr. Aguilar-Lopez's claim of ineffective assistance of counsel in his state court conviction is not properly brought under 8 U.S.C. § 1326. Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's Motion to Dismiss Indictment (Ct. Rec. 46) is **DENIED.**

2. Pursuant to 18 U.S.C. § 3161(h)(1)(D), the time from June 12, 2010, the date of filing of the Motion, to July 23, 2010, the date of its resolution, is excluded from the time calculations under the Speedy Trial Act.

The Clerk is hereby directed to enter this Order and furnish copies to counsel and Judge Van Sickle.

**DATED** this 29th day of July, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE