UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIO AGUILAR-LOPEZ,<br><br>　　　　　Defendant. | No. CR-09-6045-FVS<br>　　　CR-10-6018-FVS<br><br>ORDER REGARDING MOTIONS TO<br>WITHDRAW GUILTY PLEAS |

**THIS MATTER** came before the Court on May 24, 2011, for a hearing on Defendant's motions to withdraw his guilty pleas in Cause Nos. CR-09-6045-FVS and CR-10-6018-FVS. The Government was represented by James A. Goeke. Defendant was present and represented by James Egan.

**DISCUSSION**

**I.　CR-09-6045-FVS**

On July 23, 2010, Defendant agreed to plead guilty to the Indictment charging Defendant with Alien in United States After Deportation in violation of 8 U.S.C. § 1326. (Ct. Rec. 55). Defendant moved to withdraw this plea, and the Government objected indicating that Defendant has failed to articulate a fair and just reason to withdraw his 10-month-old guilty plea (Ct. Rec. 86).

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a district court may permit a defendant to withdraw a plea of guilty prior to the imposition of a sentence if he "can show a fair and just reason for requesting the withdrawal." It is well established that a defendant has no right to withdraw his guilty plea, and that a

ORDER REGARDING MOTIONS TO WITHDRAW GUILTY PLEAS - 1

withdrawal motion is committed to the sound discretion of the district court. *United States v. Signori*, 844 F.2d 635, 737 (9th Cir. 1988). It is the defendant who bears the burden of establishing a "fair and just reason." *United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984).

The Ninth Circuit has recognized that "while the defendant is not permitted to withdraw his guilty plea 'simply on a lark,' the 'fair and just' standard is generous and must be applied liberally." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008) (internal citations omitted). Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid. *United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005). In this circuit, fair and just reasons for withdrawal may include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* at 805. Each case must be reviewed in the context in which the motion to withdraw arose to determine whether a fair and just reason exists. *McTiernan*, 546 F.3d at 1167.

Defendant claims that the failure to have an immigration judge tell him that he was not allowed to reenter the United States is a fair and just reason for him to withdraw his guilty plea. (Ct. Rec. 80). Former defense counsel indicated that additional bases for withdrawal of the plea included: (1) Defendant had not been formally deported in the past, (2) he wants to go to trial on the matter, (3)

ORDER REGARDING MOTIONS TO WITHDRAW GUILTY PLEAS - 2

he has seen several cases where the charges are dismissed because they were not deported by an immigration judge, and (4) his prior attorney made statements that Defendant had seen a judge in the deportation proceedings, but Defendant had not seen a judge prior to his deportation.  (Ct. Rec. 70-1).  While Defendant now asserts that he was not seen by an immigration judge and advised he was not allowed to reenter the United States prior to his deportation, the issue of the validity of Defendant's deportation was raised by prior counsel in a motion to dismiss, and Defendant's signed declaration contradicts this assertion.  Defendant's declaration states that he "appeared before an Immigration Judge in Las Vegas" and was informed that because "I had been convicted of drugs I would be removed." (CR-09-6045-FVS; Ct. Rec. 51 ¶¶ 4-5).

Nothing has changed since Defendant entered his plea several months ago.  There has been no newly discovered evidence or intervening change in the law or circumstances that would justify withdrawal of the guilty plea in this case.  It is clear from the submissions that Defendant has simply changed his mind and now wishes to go to trial.  This does not constitute a "fair and just" reason to allow him to withdraw his plea.  Defendant's motion to withdraw his plea of guilty in Cause No. CR-09-6045-FVS is DENIED.

**II.  CR-10-6018-FVS**

On March 1, 2011, pursuant to a Rule 11(c)(1)(C) Plea Agreement, Defendant pleaded guilty to the Information Superseding Indictment, charging Defendant with Manufacture of a Controlled Substance (100 or more Marijuana plants) and Aiding and Abetting in violation of 21

1 U.S.C. § 841 and 18 U.S.C. § 2.  The Government and Defendant agreed
2 that Defendant should be sentenced to a total term of 120 months
3 imprisonment and that the sentence run concurrent to any sentence
4 imposed in Cause No. CR-09-6045-FVS.  (Ct. Rec. 114 ¶ 12).

5     Defendant moved to withdraw his plea in this case as well.  The
6 Government responded that the plea agreement in this matter "reflects
7 an extremely generous resolution of the charges against the Defendant
8 . . . that allowed the Defendant to evade the otherwise applicable
9 mandatory minimum term of incarceration of 240 months that he faces
10 if convicted at trial of the charges alleged in the Indictment
11 returned by the Grand Jury."  (Ct. Rec. 135).  The Government does
12 not oppose Defendant's motion to withdraw his guilty plea and asks
13 that it be allowed to dismiss the Information Superseding Indictment
14 (Ct. Rec. 111) in favor of the Indictment returned by the Grand Jury,
15 which would again expose Defendant to a mandatory minimum sentence of
16 240 months, as opposed to the 120 months negotiated in the Rule
17 11(c)(1)(C) plea agreement.

18     At the May 24, 2011, hearing, Defendant's counsel advised the
19 Court that he had explained to his client the potential consequences
20 of withdrawing his guilty plea in this case.  Defendant acknowledged
21 he understood the consequences and still wished to withdraw his plea
22 and proceed to trial.

23     Based on a lack of opposition from the Government, Defendant's
24 motion to withdraw his guilty plea in Cause No. CR-10-6018-FVS is
25 GRANTED.  The Government will be allowed to dismiss the Information
26 Superseding Indictment in favor of the Indictment.

ORDER REGARDING MOTIONS TO WITHDRAW GUILTY PLEAS - 4

The Court, being fully advised, now therefore, **IT IS HEREBY ORDERED**:

1. Defendant's requests to withdraw his guilty plea in Cause No. CR-09-6045-FVS (**Ct. Rec. 69, 70 & 79**) are **DENIED**

2. Defendant's requests to withdraw his guilty plea in Cause No. CR-10-6018-FVS (**Ct. Rec. 118, 119 & 123**) are **GRANTED**.

3. The Order Accepting Guilty Plea in Cause No. CR-10-6018-FVS (**Ct. Rec. 116**) is **VACATED**. The Information Superseding Indictment filed on March 1, 2011 (Ct. Rec. 111) is dismissed, and the matter shall proceed against Defendant on the Superseding Indictment filed on July 14, 2010 (Ct. Rec. 32).

4. A pretrial conference in Cause No. CR-10-6018-FVS is scheduled for **July 21, 2011 at 10:30 a.m. in Yakima, Washington.**

5. Trial in Cause No. CR-10-6018-FVS is scheduled for **August 1, 2011 at 9:00 a.m. in Richland, Washington.**

6. All pretrial motions are due June 30, 2011. All responses are due by July 7, 2011. All replies are due by July 14, 2011.

7. The sentencing hearing in Cause No. CR-09-6045-FVS shall be scheduled following the final disposition of Cause No. CR-10-6018-FVS.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this ___26th___ day of May, 2011.

>              S/Fred Van Sickle
>              Fred Van Sickle
>      Senior United States District Judge

ORDER REGARDING MOTIONS TO WITHDRAW GUILTY PLEAS - 5