UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

     Plaintiff,

  v.

ANTONIO AGUILAR-LOPEZ,

     Defendant.

**Nos.** 2:09-CR-06045-EFS-1
   4:17-CV-05095-EFS

**ORDER DENYING § 2255 MOTION**

**CLERK'S OFFICE ACTION REQUIRED**

  Before the Court is a motion submitted by Antonio Aguilar-Lopez in which he attacks his conviction and sentence for being an alien in the U.S. after deportation. *See* ECF No. 143.[1] Having previously provided Mr. Aguilar-Lopez with an opportunity to either withdraw or amend his § 2255 motion, *see* ECF No. 144, and receiving nothing from him within the allotted time, the Court denies his motion.

////

///

//

/

---

[1] Unless noted otherwise, all record citations refer to case No. 2:09-CR-06045-EFS-1.

**I.   FACTS AND PROCEDURAL HISTORY[2]**

On June 4, 2007, Mr. Aguilar-Lopez was ordered removed from the United States to Mexico by an immigration judge.  Thereafter, Mr. Aguilar-Lopez reentered the United States without permission.  On July 10, 2009, he was arrested in Benton County, Washington.  The Government filed an indictment against Mr. Aguilar-Lopez on one count of Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326(a).

On June 12, 2010, Mr. Aguilar-Lopez moved to dismiss the indictment pursuant to 8 U.S.C. § 1326(d), arguing that under *Padilla v. Kentucky*, 559 U.S. 356 (2010), he had received ineffective assistance of counsel in connection with the underlying Nevada state conviction.  Mr. Aguilar-Lopez alleged a failure of his counsel to advise him of the immigration consequences of his guilty plea to the state offense.  The Court denied the motion, finding *Padilla* did not apply retroactively.

On July 23, 2010, Mr. Aguilar-Lopez entered a guilty plea pursuant to a written plea agreement to Being an Alien in the United States after Deportation in violation of 8 U.S.C. § 1326(a).  On February 23, 2012, the Court sentenced Mr. Aguilar-Lopez to ten months' imprisonment, three years of supervised release, a $100 special assessment, and no fine.  On October 28, 2013, the United

---

[2] These facts were stated with citations to the electronic record in the Court's prior order, ECF No. 144.  For the convenience of Mr. Aguilar-Lopez, who is a pro se prisoner, the Court restates the facts here as well.

States Court of Appeals for the Ninth Circuit affirmed his conviction. And on March 3, 2014, Mr. Aguilar-Lopez filed an untimely petition for writ of certiorari with the United States Supreme Court that was subsequently denied on April 21, 2014.

On June 26, 2014, Mr. Aguilar-Lopez filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. That § 2255 motion was dismissed without prejudice, however, when the Court granted Mr. Aguilar-Lopez's request to voluntarily withdraw it.

On September 23, 2016, the Nevada state court dismissed Mr. Aguilar-Lopez's conviction in Case No. 07F09531, in which he was charged with Trafficking in Controlled Substance, Conspiracy to Violate Controlled Substance Act, and Possession of Controlled Substance. On January 6, 2017, Mr. Aguilar-Lopez filed a document labeled as a "Petition for Writ of Habeas Corpus," and citing 28 U.S.C. § 2241, in the Central District of California. The District Court for the Central District of California, however, correctly construed that document as a disguised motion seeking relief under 28 U.S.C. § 2255. As such, on July 11, 2017, the case was transferred to this Court.

On September 22, 2017, this Court entered an order notifying Mr. Aguilar-Lopez that his motion would be construed as brought under § 2255. *See* ECF No. 144. The Court advised Mr. Aguilar-Lopez that "this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Castro v. United States*, 540 U.S. 375, 383 (2003). The Court further warned Mr. Aguilar-Lopez that an initial review suggested his motion

lacked merit. The Court therefore allowed Mr. Aguilar-Lopez to either amend or withdraw his motion on or before Friday, October 27, 2017. ECF No. 144. The Court, however, has not received any further filings from Mr. Aguilar-Lopez.

## II. **DISCUSSION**

Mr. Aguilar-Lopez alleges that his 2007 deportation proceedings were unlawful because his underlying state conviction (resulting from his plea of nolo contendere for misdemeanor drug possession) was subsequently dismissed by the Nevada state courts. *See* ECF No. 143 at 3. According to Mr. Aguilar-Lopez, it was his Nevada conviction that was used as the basis for his removal. Further, Mr. Aguilar-Lopez seemingly views his Nevada conviction, his removal order, and his judgment in this case as three dominos in a row. Mr. Aguilar-Lopez contends that because the Nevada conviction has fallen, his 2007 deportation was unlawful and must fall as well. This, in turn, should topple his illegal-reentry conviction in this matter and the resulting sentence.

The Court need not decide, however, whether a removal order is somehow rendered invalid simply because the underlying state conviction is subsequently vacated. Here, it appears that Mr. Aguilar-Lopez's Nevada conviction did not form the basis of his 2007 removal. Instead, Mr. Aguilar-Lopez entered a stipulated request for removal based on an "entry without inspection" charge. *See* Case No. 4:17-CV-05095-EFS, ECF No. 7-1 at 127; *see also* 8 U.S.C. § 1182(a)(6)(A)(i). The immigration judge cited to the charges contained in the Notice to Appear, which stated the basis for removal

was that Mr. Aguilar-Lopez was not a citizen or national of the U.S.; he was a native of Mexico and a citizen of Mexico; he arrived in the U.S. at or near San Ysidro, California, on or about February 2007; and he was not then admitted or paroled after inspection by an immigration officer. *See* Case No. 4:17-CV-05095-EFS, ECF No. 7-1 at 125. There is no indication that Mr. Aguilar-Lopez's 2007 removal was in any way based on his Nevada conviction. As such, Mr. Aguilar-Lopez has not shown any basis for relief from the judgment in this case.

For the aforementioned reasons, **IT IS HEREBY ORDERED**:

**1.** Mr. Aguilar-Lopez's construed Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255, **ECF No. 143**, is **DENIED**.

**2.** The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c) (allowing such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right").

**3.** This file shall remain **CLOSED**.

**4.** The Clerk's Office is **DIRECTED** to **CLOSE** the corresponding civil case, **No. 4:17-CV-05095-EFS**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order in both **No. 2:09-CR-06045-EFS-1** and **No. 4:17-CV-05095-EFS** and to provide copies to Mr. Aguilar-Lopez and all counsel.

**DATED** this  1st  day of November 2017.

_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge