UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>               v.<br><br>ANTONIO AGUILAR-LOPEZ,<br>               Defendant. | No.   2:09-CR-6045-EFS-1<br>       [4:18-CV-5188-EFS]<br><br>**ORDER TRANSFERRING FILE TO NINTH CIRCUIT**<br><br>**CLERK'S OFFICE ACTION REQUIRED** |

Before the Court is Defendant/Movant Antonio Aguilar-Lopez's "Memorandum Brief Motion in Support of Petitioner's to Leave *[sic]* to File His § 2255 Motion (Ineffective Assistance of Counsel)," ECF No. 148. For the reasons set forth below, the Court transfers the successive § 2255 motion to the United States Court of Appeals for the Ninth Circuit.

## I.    Procedural History

Mr. Aguilar-Lopez originally challenged his sentence under § 2255 on June 26, 2014 in a Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 132. In October 2014, Mr. Aguilar-Lopez moved to voluntarily withdraw this § 2255 motion, which the Court granted and dismissed his § 2255 motion without prejudice. ECF No. 137.

On September 22, 2017, Mr. Aguilar-Lopez filed another Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 143. On the same day, this Court allowed Mr. Aguilar-Lopez leave to withdraw his § 2255 motion. ECF No. 144. The Court advised Mr. Aguilar-Lopez that maintaining his motion would mean "that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Id.* (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)). The Court further warned Mr. Aguilar-Lopez that an initial review suggested his motion lacked merit. *Id.* Mr. Aguilar-Lopez did not file a motion to withdraw, and the Court denied his § 2255 Motion on November 1, 2017. ECF No. 145.

On November 29, 2017, Mr. Aguilar-Lopez filed a Motion for an Order to Re-Open Criminal Case under Writ of Error Coram Nobis, asking the Court to review an ineffective assistance of counsel claim for a state court conviction. ECF No. 146. The Court denied this motion on January 4, 2018. ECF No. 147.

## II. <u>Section § 2255 Motion</u>

On December 3, 2018, Mr. Aguilar-Lopez filed the present § 2255 motion. ECF No. 148. Mr. Aguilar-Lopez challenges his sentence on the grounds that a criminal history point was added to the calculation for sentencing erroneously.[1] *See generally* ECF No. 148. Because this Court has reviewed and denied one previous § 2255 motion, this motion qualifies as a "second or successive" motion. *See* 28 U.S.C.

---

[1] Mr. Aguilar-Lopez refers to the criminal history point as an "enhancement." ECF No. 148 at 1. However, his attached exhibits show that the "enhancement" he is challenging is actually a criminal history point that was calculated by the U.S. Probation Office for sentencing purposes. *Id.* at Exh. A.

§ 2255. Mr. Aguilar-Lopez has not demonstrated compliance with § 2255(h), which states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). *See also* Rules Governing Section 2255 Proceedings, Rule 9 ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. §2244(b)(3) and (4)."); Ninth Circuit Rule 22-3(a) ("An applicant seeking authorization to file a second or successive . . . § 2255 motion in the district court must file an application in the court of appeals demonstrating entitlement to such leave under section[] . . . 2255.")

When a second or successive § 2255 motion is mistakenly filed in a district court, that court may refer it to the appropriate appellate court pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3(a). The Court will do so here. However, Mr. Aguilar-Lopez is advised that **this transfer will not by itself constitute compliance with 28 U.S.C. § 2255 and Ninth Circuit Rule 22-3.** Mr. Aguilar-

Lopez must still file an application for leave to proceed with the Ninth Circuit and make the showing required by § 2255.[2]

**IT IS HEREBY ORDERED:**

**1.** Mr. Aguilar-Lopez's § 2255 Motion, **ECF No. 148,** shall be **TRANSFERRED** to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. §1631 and Ninth Circuit Rule 22-3(a).

**2.** The Clerk's Office **SHALL** forward this Order along with the file to the Clerk of the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Mr. Aguilar-Lopez and the United States Attorney's Office for the Eastern District of Washington.

**DATED** this  17th  day of December 2018.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

---

[2] It is the Court's understanding that the Clerk's Office in the Eastern District of Washington has forwarded the forms for this application to Mr. Aguilar-Lopez.